**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 26-605

Caption [use short title]

Shaun Gray,
Plaintiff-Appellant,

v.

Paramount Global et al.,
Defendants-Appellees.

**Motion for:** Leave to file the Appellant's Appendix electronically, and to defer and limit the paper copies of the Appellant's Appendix.

Set forth below precise, complete statement of relief sought:

Leave to (1) file the complete Appellant's Appendix electronically now, as the Clerk directs; and (2) defer the six paper copies of the Appellant's Appendix until briefing is complete and limit them to the pages the briefs cite, keeping the A-__ pagination, filed within 14 days after the reply brief.

**MOVING PARTY:** Shaun Gray

**OPPOSING PARTY:** Paramount Global et al.

☑ Plaintiff ☐ Defendant

☑ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** Marc Toberoff

**OPPOSING ATTORNEY:** Molly M. Lens

[name of attorney, with firm, address, phone number and e-mail]

| Moving Attorney | Opposing Attorney |
|---|---|
| Toberoff & Associates, P.C. | O'Melveny & Myers LLP |
| 23823 Malibu Road, Suite 50-363 | 1999 Ave of the Stars, Floor 8 |
| Malibu, CA 90265 - 310-246-3333 - mtoberoff@toberoffandassociates.com | Los Angeles, CA 90067 - (310) 553-6700 - mlens@omm.com |

Court- Judge/ Agency appealed from: U.S. District Court, S.D.N.Y. (Rakoff, J.), No. 1:25-cv-03484-JSR

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):____________________

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☐ No

Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency: ____________________

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date:____________________

**Signature of Moving Attorney:**

/s/ Marc Toberoff **Date:** June 23, 2026 Service by: ☑ CM/ECF ☐ Other [Attach proof of service]

**United States Court of Appeals**
**for the Second Circuit**

---

**No. 26-605**
**SHAUN GRAY,**

*Plaintiff-Appellant,*

v.

**PARAMOUNT GLOBAL et al.,**

*Defendants-Appellees.*

---

On Appeal from the United States District Court
for the Southern District of New York,
No. 1:25-cv-03484-JSR (Rakoff, J.)

---

**MOTION OF PLAINTIFF-APPELLANT FOR LEAVE TO FILE APPELLANT'S APPENDIX ELECTRONICALLY AND TO DEFER AND LIMIT THE PAPER COPIES OF THE APPELLANT'S APPENDIX**

---

## INTRODUCTION

Appellant Shaun Gray respectfully moves this Court, pursuant to Federal Rule of Appellate Procedure 2(a)—and in further support pursuant to Rules 30(a)(2) and 30(c) and Second Circuit Local Rules 30.1(c) and 30.1(f)—for leave to: (1) file the complete Appendix electronically now, as compliant CM/ECF volumes, so that the entire record is immediately before the Court and the parties; and (2) defer the six paper copies of an appendix until after briefing is complete, and to limit those copies to the pages actually cited in the opening, answering, and reply briefs—retaining the Appendix's existing pagination (A-___) so that every record citation in every brief

remains exact. Appellant would file the cited-page paper appendix within 14 days after service of the reply brief.

This accommodation would place the entire record before the Court immediately, in searchable electronic form, while sparing the Court and the parties 216 bound volumes and more than 63,000 pages of largely uncited paper. Because the parties did not stipulate to this accommodation, Appellant brings it by motion, as Local Rule 30.1(c) contemplates.

## BACKGROUND

1. This appeal is from the judgment of the United States District Court for the Southern District of New York (Rakoff, J.). Appellant's opening brief is being filed concurrently.

2. The Appendix in this appeal is 10,537 pages.

3. Under Local Rule 30.1(b), a counseled party must "submit 6 paper copies of an appendix"; and under Local Rule 32.1, an appendix that exceeds 300 pages must be divided into volumes that "must not exceed 300 pages" each. Six copies of a 10,537-page appendix would therefore comprise 216 bound volumes (36 volumes per copy) and more than 63,000 printed pages (6 × 10,537 = 63,222)—the large majority of which likely not be cited by any brief in this appeal.

4. The Appendix is this large in part because its construction was not shared. Rule 30(b), titled "*All Parties' Responsibilities*", provides that "The parties

are encouraged to agree on the contents of the appendix," and permits the appellee to "serve on the appellant a designation of additional parts to which it wishes to direct the court's attention." Fed. R. App. P. 30(b)(1). Appellant invited Appellee Paramount to participate in jointly designating the contents of the appendix; however, Paramount declined to do so. *See* Declaration of Marc Toberoff filed concurrently. Without Paramount's input as to what could safely be excluded from the appendix, and to avoid omitting anything the Court or the parties might potentially need, or view as relevant, Appellant, in an abundance of caution, compiled a more comprehensive record on its own in the Appendix, electronically filed.

## ARGUMENT

### I. GOOD CAUSE SUPPORTS THE REQUESTED ACCOMMODATION FED. R. APP. P. 2(A).

Rule 2(a) authorizes this Court, "to expedite its decision or for other good cause," to "suspend any provision of these rules in a particular case and order proceedings as it directs." The relief Appellant seeks is a modest, good-cause variance from Local Rule 30.1(b)'s six-paper-copy requirement (and the attendant volume-binding requirement of Local Rule 32.1). Good cause is plain. The Appendix runs to 10,537 pages; six bound copies would generate some 216 volumes and over 63,000 pages, the large majority never cited. Producing that amount of paper would burden the Clerk's shelves and impose substantial expense and delay

on the parties, while adding nothing the Court needs. Under the proposed accommodation the complete record is filed now, in searchable electronic form, and the deferred paper copies that follow would contain every page any brief actually relies upon—with the same pages designated by "A-___" that the briefs cite.

## II. THE ACCOMMODATION IS CONSISTENT WITH THE APPENDIX RULES.

Rule 30(a)(2) provides that "Parts of the record may be relied on by the court or the parties even though not included in the appendix." Here, the entire record will remain available to the Court electronically in any event, so nothing is lost by deferring and trimming the paper copies. Local Rule 30.1(c), in turn, provides that "If the parties stipulate, or if the court on motion directs, the parties may file a deferred appendix as provided in FRAP 30(c)," and Rule 30(c)(1) permits preparation of the appendix to be "deferred until after the briefs have been filed."

Appellant proposes the narrower step of filing the complete appendix now while deferring only its paper copies; the authority that permits deferring the entire appendix until after briefing comfortably permits that lesser measure.

## III. LIMITING THE PAPER COPIES TO CITED PAGES ADVANCES THE RULES' POLICY AGAINST UNNECESSARY MATERIAL.

Local Rule 30.1 seeks to avoid burdening the appendix with unnecessary material. Limiting the paper copies in a deferred appendix to those pages the briefs actually cite serves that same policy, conserving the parties' and the Court's

resources without withholding anything of use—the full record being electronically available throughout.

## IV. THE REQUEST IS LIMITED TO THE APPENDIX.

This motion concerns only the Appendix. The Special Appendix required by Local Rule 32.1—containing the orders, opinions, and judgment on appeal and the pertinent authorities—and the briefs themselves will be filed with their paper copies as well in the ordinary course.

## CONCLUSION

For these reasons, Appellant respectfully requests that the Court grant leave to (1) file the complete Appendix electronically now; and (2) defer the six paper copies of the Appendix until after briefing is complete limited to the pages cited in the briefs, retaining the appendix's "A-__" pagination, with the cited-page paper appendix to be filed within 14 days after service of the reply brief. A proposed order is submitted herewith.

Dated: June 23, 2026

Respectfully submitted,

*/s/ Marc Toberoff*

Marc Toberoff
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, California 90265
Tel: (310) 736-5666

Counsel for Appellant Shaun Gray

## STATEMENT PURSUANT TO LOCAL RULE 27.1(B)

As required by Local Rule 27.1(b), counsel for Appellant states: counsel has notified counsel for Paramount of this motion. As of the time of filing, Paramount has not stated its position on the relief requested, and counsel does not know whether Paramount intends to file a response, but based on prior communications counsel believes Paramount will not oppose the motion. Counsel will promptly advise the Court upon learning Paramount's position.

Dated: June 23, 2026

*/s/ Marc Toberoff*
Marc Toberoff

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 1,027 words, as counted by the word-processing system used to prepare it.

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: June 23, 2026

*/s/ Marc Toberoff*
Marc Toberoff

## CERTIFICATE OF SERVICE

I certify that on June 23, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit using the CM/ECF system, which will serve a notice of electronic filing on all counsel of record.

Dated: June 23, 2026

*/s/ Marc Toberoff*
Marc Toberoff

**United States Court of Appeals for the Second Circuit**

---

**No. 26-605**

**SHAUN GRAY,**
*Plaintiff-Appellant,*
v.
**PARAMOUNT GLOBAL et al.,**
*Defendants-Appellees.*

---

**[PROPOSED] ORDER**

---

Upon consideration of the motion of Appellant Shaun Gray for leave to file the Appendix electronically and to defer and limit the paper copies of the Appendix, and for good cause shown, IT IS HEREBY ORDERED that the motion is GRANTED. Appellant may file the complete Appendix electronically; the six paper copies of the Appendix are deferred until after briefing is complete and are limited to the pages cited in the opening, answering, and reply briefs, retaining the Appendix's existing "A-__" pagination; and the cited-page paper appendix shall be filed within 14 days after service of the reply brief.

Dated: ________________________

For the Court:

____________________________________
Catherine O'Hagan Wolfe, Clerk of Court

**UNITES STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

---

**No. 26-605**

**SHAUN GRAY,**
*Plaintiff-Appellant,*
v.
**PARAMOUNT GLOBAL et al.,**
*Defendants-Appellees.*

---

**DECLARATION OF MARC TOBEROFF IN SUPPORT OF APPELLANT'S MOTION REGARDING APPELLANT'S APPENDIX**

---

I, Marc Toberoff, declare under pursuant to 28 U.S.C. § 1746 as follows:

1. I am the principal of Toberoff & Associates, P.C., counsel of record for Appellant Shaun Gray in this appeal. I submit this declaration in support of Appellant's motion for leave to file the Appellant's Appendix electronically and to defer and limit its paper copies. I have personal knowledge of the facts stated below and, if called as a witness, could and would testify competently to them.

2. On April 29, 2026, I proposed to counsel for Paramount that the parties jointly designate the contents of a joint appendix, as contemplated by Federal Rule of Appellate Procedure 30(b), and as favored by the Second Circuit.

3. On May 7, 2026, counsel for Paramount responded, declining to participate in jointly designating the contents of the appendix, but stating its

willingness to agree to a deferred appendix pursuant to Local Rule 30.1(c). Subsequently, no stipulation as to a deferred appendix was entered into by the parties.

4. Without Paramount's input as to what could safely be excluded from the appendix, and to avoid omitting anything the Court or the parties might potentially need, or view as relevant, Appellant, in an abundance of caution, compiled a more comprehensive record, on its own, in the Appendix Appellant electronically filed. That is the substantial reason the Appendix runs to 10,537 pages.

I declare, under penalty of perjury that the foregoing is true and correct.

Executed on June 23, 2026.

/s/ *Marc Toberoff*
Marc Toberoff