**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 26-605 _____          _____Caption [use short title]_____

**Motion for:** Ratify Redactions in Appellant's Appendix

_____

_____

Set forth below precise, complete statement of relief sought:

The Motion seeks a Court order to ratify the redacted

portions of the Appellant's Appendix - which redactions were made

pursuant to the Protective Order in the lower court and an agreement

between the parties to redact personal email addresses

and confidential financial terms in contracts - without the need

to file unredacted copies with the Court under seal.

Shaun Gray, Plaintiff-Appellant, v.  Paramount Global, et al., Defendants-Appellees.

**MOVING PARTY:** Shaun Gray _____     **OPPOSING PARTY:** Paramount Global, et al. _____

☑ Plaintiff          ☐ Defendant

☑ Appellant/Petitioner          ☐ Appellee/Respondent

**MOVING ATTORNEY:** Marc Toberoff _____     **OPPOSING ATTORNEY:** Molly M. Lens _____

[name of attorney, with firm, address, phone number and e-mail]

Toberoff & Associates, P.C.                    O'Melveny & Myers LLP

23823 Malibu Road, Suite 50-363              1999 Avenue of the Stars, Floor 8

Malibu, CA 90265 - 310-246-3333 - mtoberoff@toberoffandassociates.com   Los Angeles, CA 90067 - (310) 553-6700 - mlens@omm.com

Court- Judge/ Agency appealed from: U.S. District Court, S.D.N.Y. (Rakoff, J.), No. 1:25-cv-03484-JSR

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):

☑ Yes   ☐ No (explain):_____

_____

Opposing counsel's position on motion:

☐ Unopposed   ☐ Opposed   ☑ Don't Know

Does opposing counsel intend to file a response:

☐ Yes   ☐ No   ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?   ☐ Yes ☐ No

Has this relief been previously sought in this court?   ☐ Yes ☐ No

Requested return date and explanation of emergency:   _____

_____

_____

_____

_____

Is oral argument on motion requested?   ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No If yes, enter date:_____

**Signature of Moving Attorney:**

/s/ Marc Toberoff _____   **Date:** June 29, 2026   Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

**Form T-1080** (rev.12-13)

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

---

SHAUN GRAY,

*Plaintiff-Appellant,*

v.

PARAMOUNT GLOBAL,

et al.,

*Defendants-Appellees.*

---

**No. 26-605**

---

**APPELLANT'S MOTION TO RATIFY REDACTIONS IN APPENDIX**

Appellant Shaun Gray respectfully moves this Court to ratify the limited redactions appearing in the Appendix filed in this matter. As set forth below, the redactions were made pursuant to a written agreement between counsel for all parties and are limited to two narrow categories of information – 1) personal email addresses, and 2) confidential financial terms in underlying contracts – that are entirely immaterial to the issues presented on appeal.

## BACKGROUND

This appeal arises from the district court's grant of summary judgment in favor of Appellees on Appellant's claims for copyright infringement, alternative joint-

authorship claim, and for an accounting. Appellant filed the Appendix on June 23, 2026. Because Appellees did not agree to participate in compiling a joint appendix, Appellant compiled and filed the Appendix unilaterally, incorporating the majority of the full record below, including documents filed by Appellees.

Prior to producing and filing documents below, counsel for all parties proposed and the Court signed a Protective Order (Dkt. 19) on June 6, 2025, which stated that "the parties will use their best efforts to minimize sealing requests." Subsequently, consistent with the district court's individual rules which require parties to work cooperatively to minimize sealing requests, the parties agreed that categories of information could be redacted when filing documents with the Court, without the need to file under seal including: (1) personal information, such as personal email addresses appearing in correspondence and other documents; and (2) confidential financial terms, including specific pricing and rate information, contained in contracts and other documents. The parties' agreement was reached in order to protect personal identifying information and commercially sensitive information that is unnecessary to the resolution of the issues in this case, including in this appeal. See Declaration of Marc Toberoff.

The redactions were implemented in accordance with the parties' agreement.

Following the filing of the Appendix, the Case Manager assigned to this appeal contacted counsel to note the presence of redactions and advised that

Appellant could file a motion explaining the basis for the redactions, which would likely resolve the matter without requiring the filing of all redacted documents appearing in the Appendix under seal.

## **ARGUMENT**

The Court has inherent authority to manage its docket and the public availability of materials in the appellate record. See, e.g., *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-20 (2d Cir. 2006). While there is a presumption of public access to judicial documents, the weight of that presumption is calibrated to the relevance of the document to the exercise of Article III judicial power and the performance of the court's functions. *Id.* at 119. That presumption may be overcome by competing considerations, including the privacy interests of individuals and the protection of legitimately confidential commercial information. *Id.* at 120.

The limited redactions here are appropriate under this standard for three reasons:

*First*, the redactions are narrow and targeted. They are confined to two discrete categories of information: personal information such as personal email addresses and specific financial terms and information in contracts and other documents. The redacted information constitutes a small fraction of the Appendix,

3

and the substance of every document, including the text, argumentation, and factual content relevant to this appeal, is fully accessible in the public record.

*Second*, the redacted information is entirely immaterial to the issues on appeal. This appeal presents the question whether the district court correctly granted summary judgment on Appellant's three causes of action. The legal analysis turns on questions of copyright and of protected expression, and of agency, actual or apparent authority, none of which implicates the personal contact information or confidential pricing terms that have been redacted. Neither this Court nor the public requires access to such email addresses or financial figures to evaluate the merits of the issues on appeal.

*Third*, the redactions reflect a reasonable exercise of the parties' mutual agreement to protect personal identifying information and legitimately confidential commercial data. Courts regularly honor party stipulations to protect such information, particularly where, as here, the redacted material is collateral to the merits. *See, e.g., Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978) (recognizing that the right of access may be outweighed by competing interests, including protection of confidential business information and personal privacy).

Finally, the majority of the redacted documents in the Appendix were produced by Appellees in redacted form such that Appellant does not have access to the documents in unredacted form.

Accordingly, because the panel has access to all information material to the issues on appeal, and the limited redacted information is immaterial to the Court's decisional function, Appellant respectfully requests that the Court ratify the redactions reflected in the filed Appendix, without the parties having to lodge under seal unredacted copies of the respective documents each produced below. Should the Court determine from its context that any portion of the redacted material is potentially relevant to the appeal, Appellant stands ready to promptly provide unredacted copies of any specific documents upon the Court's request.

## **CONCLUSION**

For the foregoing reasons, Appellant respectfully requests that the Court enter an order ratifying the limited redactions in the Appendix filed in this matter as it is consistent with the parties' agreement, the immateriality of the redacted information to the issues on appeal, and the applicable balancing standard under *Lugosch*.

Dated: June 29, 2026         Respectfully submitted,

        */s/ Marc Toberoff*

Marc Toberoff
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, California 90265
Tel: (310) 736-5666

*Counsel for Appellant Shaun Gray*

5

## STATEMENT PURSUANT TO LOCAL RULE 27.1(B)

As required by Local Rule 27.1(b), counsel for Appellant states: counsel has notified counsel for Paramount of this motion. As of the time of filing, Paramount has not stated its position on the relief requested, and counsel does not know whether Paramount intends to file a response, but based on the parties' prior communications and agreement to not to file documents under seal regarding redactions of immaterial confidential personal and financial information irrelevant to the issues in this case, counsel believes Paramount will not oppose this motion.

Dated: June 29, 2026           */s/    Marc Toberoff*
                                             Marc Toberoff

## CERTIFICATE OF COMPLIANCE

1.  This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 875 words, as counted by the word-processing system used to prepare it.

2.  This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: June 29, 2026 _/s/ Marc Toberoff_
Marc Toberoff

7

## CERTIFICATE OF SERVICE

I certify that on June 29, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit using the CM/ECF system, which will serve a notice of electronic filing on all counsel of record.

Dated: June 29, 2026

/s/    *Marc Toberoff*
Marc Toberoff

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

_____

SHAUN GRAY,

*Plaintiff-Appellant,*

v.

PARAMOUNT GLOBAL,

et al.,

*Defendants-Appellees.*

_____

**No. 26-605**

_____

**[PROPOSED] ORDER**

_____

Upon consideration of the motion of Appellant Shaun Gray for the Court to ratify the redactions in Appellant's Appendix, IT IS HEREBY ORDERED that the motion is GRANTED. The Court hereby ratifies the limited redactions contained in Appellant's Appendix.

Dated: _____

For the Court:

_____
Catherine O'Hagan Wolfe, Clerk of Court

9

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

SHAUN GRAY,

*Plaintiff-Appellant,*

v.

PARAMOUNT GLOBAL,

et al.,

*Defendants-Appellees.*

**No. 26-605**

## DECLARATION OF MARC TOBEROFF IN SUPPORT OF APPELLANT'S MOTION TO RATIFY REDACTIONS IN APPENDIX

I, Marc Toberoff, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am the principal of Toberoff & Associates, P.C., counsel of record for Plaintiff-Appellant Shaun Gray in this appeal. I submit this declaration in support of Appellant's Motion to Ratify Redactions in Appendix. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

2. Prior to filing documents in the district court, counsel for all parties agreed to redact from court filings categories of information including: (1) personal

information such as personal email addresses appearing in correspondence and other documents in the record; and (2) confidential financial terms, including specific pricing and rate information, contained in contracts and other documents in the record. The agreement was intended to protect personal identifying information and commercially sensitive information immaterial to the resolution of the issues in this litigation, and was consistent with the district court's Protective Order (Dkt. 19), entered June 6, 2025, which directed the parties to use their best efforts to minimize sealing requests in accordance with the district court's individual rules.

3.      Appellant filed the Appendix in this appeal on June 23, 2026. Because Appellees declined to participate in compiling a joint appendix, Appellant compiled and filed the Appendix unilaterally, incorporating the majority of the record below, including documents filed by Appellees. The redactions appearing throughout the Appendix were implemented in accordance with the parties' agreement and are limited to personal information and confidential financial terms immaterial to the issues in this litigation, including on appeal.

4.      The majority of the redacted documents in the Appendix were produced by Appellees in redacted form, such that Appellant does not have access to the documents in unredacted form.

5.     Following the filing of the Appendix, the Case Manager assigned to this appeal contacted my office to note the presence of redactions and advised my associate, Breck Kadaba, that a motion explaining the basis for the redactions would likely resolve the matter, without requiring the filing of all redacted documents appearing in the Appendix under seal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 29, 2026, at Malibu, California.

/s/     *Marc Toberoff*
Marc Toberoff