## NO. 26-605

---

## IN THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

---

**SHAUN GRAY**,
*Plaintiff-Appellant*,

v.

**PARAMOUNT GLOBAL, ET AL.**,
*Defendant-Appellees*.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK,
NO. 1:25-CV-03484-JSR (RAKOFF, J.)

---

## DEFENDANT-APPELLEES' MEMORANDUM IN OPPOSITION TO PLAINTIFF-APPELLANT'S MOTION FOR LEAVE TO FILE APPELLANT'S APPENDIX ELECTRONICALLY AND TO DEFER AND LIMIT THE PAPER COPIES OF THE APPELLANT'S APPENDIX

---

### INTRODUCTION

Plaintiff-Appellant Shaun Gray seeks leave to file an electronic appendix of 10,537 pages, "the large majority of which" Gray concedes will "likely not be cited by any brief in this appeal," (Dkt. 21.1 ("Motion") at 2), under a procedure not contemplated by the Federal Rules of Appellate Procedure or this Court's Local Rules (together, the "Rules"). Gray's concession establishes that his proposed electronic appendix violates FRAP 30(a)(1) (which delineates the "contents of the appendix") and FRAP 30(a)(2) (which "exclude[s]" memoranda of law filed in the district court from "the appendix unless they have independent relevance"). Rather than submit a Rules-compliant appendix with his opening brief, or respond to

undersigned counsel's May 7, 2026 email proposing that the parties file "a deferred appendix per Local Rule 30.1(c),"[1] Gray now asks the Court to cut him an alternative procedural path—one that would allow Gray to: (1) file an electronic appendix that contains thousands of pages of irrelevant material, in violation of the Rules; (2) file a narrower deferred appendix after briefing has been completed; and (3) shirk his responsibility under the Rules to update the citations in his briefs after a deferred appendix has been submitted. All of this could have been avoided had Gray agreed, as Paramount proposed, to submit a deferred appendix pursuant to the Rules. Instead, Gray ignored Paramount's proposal for well over a month, ignored the Rules, and now asks this Court for special treatment. Gray shows no good cause for such relief, and the Court should reject Gray's attempt to subvert the Rules that apply to every appellant that comes before this Court.[2]

## BACKGROUND

On April 29, 2026, Gray's counsel proposed via email that the parties file a joint appendix containing thousands of pages of memoranda of law and related documents with no relevance to the issues on appeal. Lens Decl. ¶ 3; Ex. A at 1–7 [Apr. 29, 2026 M. Toberoff email.] For example, Gray's proposal included numerous docket entries related to Gray's motion for summary judgment as to Defendant-Appellee Paramount Pictures Corporation's counterclaims, notwithstanding that proceedings on those counterclaims are stayed in the district court and not before this Court on appeal. Paramount could not agree to Gray's proposal, as Local Rule 30.1 limits the "contents of an appendix . . . to the materials set forth in FRAP 30(a)(1)," and FRAP 30(a)(2) expressly "[e]xclude[s]" memoranda of law filed in the district court from "the appendix unless they have

---

[1] Declaration of Molly M. Lens ("Lens Decl."), Ex. A at 1 [May 7, 2026 M. Lens email.]

[2] Defendant-Appellees take no position with respect to the portion of Gray's motion that seeks leave to file limited paper copies of the appendix, comprised solely of pages cited in a brief.

2

independent relevance." So Paramount suggested that the parties either file "a deferred appendix per Local Rule 30.1(c) or that each party file[] its own appendix, with both these options allowing the parties to know what they need to submit as part of the appendix." Lens Decl. Ex. A at 1 [May 7, 2026 M. Lens email.]

Gray's counsel did not respond to Paramount's May 7 email. Lens Decl. ¶ 5. Instead, 47 days later, on June 23, 2026 at 8:02 PM ET, Gray's counsel informed Paramount—for the first time—that Gray intended to move for leave to file a "deferred appendix per Local Rule 30.1(c)." *Id.* Ex. B at 1 [June 23, 2026 M. Toberoff email.] Gray's counsel asked whether Paramount would oppose his motion, but without awaiting an answer, began filing Gray's proposed appendix less than 30 minutes later. *Id.* Ex. C [ACMS Docket Sheet.] By his Motion, Gray seeks leave to file the 36-part appendix lodged at Dkt. 28–63, and to file a narrower, deferred appendix later, but without updating the pagination in his briefs to track the deferred appendix. Mot. at 4–5.

## ARGUMENT

Gray's Motion should never have been filed. On May 7, 2026—47 days before Gray filed his Motion—Paramount proposed that the parties submit a "deferred appendix per Local Rule 30.1(c)" (*id.* Ex. A at 1), which allows parties to submit a deferred appendix by stipulation without Court involvement. L.R. 30.1(c). Under the Rules, once "the [deferred] appendix is prepared, the record pages cited in the briefs must be indicated by inserting record page numbers, in brackets, at places in the appendix where those pages of the record appear." Fed. R. App. P. 30(c)(2)(A). That is the proper procedure here. Once Paramount files its Answering Brief and Gray files his Reply Brief, the parties should submit a deferred appendix and update the citations in their briefs accordingly, consistent with the Rules. As Paramount's counsel stated in the May 7 email, Paramount will stipulate to a deferred appendix under Local Rule 30.1(c). Lens Decl. Ex. A at 1.

Instead of engaging with Paramount's proposal that the parties submit a deferred appendix, *id.*, Gray chose to ignore Paramount's proposal for well over a month and now seeks to subvert the Rules for no good reason. Like all appellants Gray's options with respect to filing an appendix were to submit: (1) an appendix with his opening brief (*see* FRAP 30(a)(3)); (2) a joint appendix, had the parties agreed to do so (*see* FRAP 30(b)(1)); or (3) a deferred appendix after briefing is complete (*see* FRAP 30(c); L.R. 30.1(c)). Gray missed his chance to submit a Rules-compliant appendix with his opening brief, and failed to propose a Rules-compliant joint appendix, leaving Gray with no option but to file a deferred appendix. But Gray asks this Court to invent an entirely new procedure, just for him, that would allow Gray to file an electronic appendix containing thousands of pages of irrelevant material, "the large majority of which likely [will] not be cited by any brief in this appeal" (Mot. at 2), in violation of FRAP 30(a); file a narrower deferred appendix after briefing has been completed—a procedure that the Rules do not contemplate; and shirk his responsibility under FRAP 30(c) to update the citations in his brief after a deferred appendix has been submitted. *See* Mot. at 4–5.

There is no cause for this Court to grant Gray leave to file a 10,537-page appendix that Gray concedes violates the Rules.[3] Nor is there cause to relieve Gray of the responsibility under FRAP 30(c) to update the citations in his briefs following submission of a deferred appendix. Gray's sole argument in support of his motion is that submitting six bound copies of his admittedly overbroad appendix "would burden the Clerk's shelves and impose substantial expense and delay on the parties." Mot. at 3–4. This argument is a red herring; Gray can seek relief from the Court's bound copy requirements (which Paramount would not oppose) without altering

---

[3] As just one example of the extraneous pages in Gray's proposed electronic appendix, Gray included the Memorandum of Law and Declaration of Marc Toberoff in Support of Plaintiff's Motion for Summary Judgment (along with its 67 Exhibits), which total nearly 880 pages (see Dkt. 28.1 at pp. xiv–xix), even though Gray's Motion for Summary Judgment is *not at issue on appeal*.

Gray's obligation to submit an appendix that complies with the Rules, and to update the citations in his briefs following submission of a deferred appendix. Accordingly, the Court should hold Gray to the same standard as any other appellant to come before this Court, and should deny Gray's motion.

## CONCLUSION

For the foregoing reasons, the Court should deny Gray's Motion.

Dated: July 1, 2026                    By: */s/ Molly M. Lens*

O'MELVENY & MYERS LLP
Molly M. Lens
mlens@omm.com
1999 Avenue of the Stars, 8th Fl
Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

*Attorneys for Defendant-Appellees*
*Paramount Pictures Corporation,*
*Paramount Global, and Paramount*
*Streaming Services Inc.*

## CERTIFICATE OF COMPLIANCE

1.      This memorandum in opposition complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 1,249 words, as counted by the word-processing system used to prepare it.

2.      This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: July 1, 2026                              By: */s/ Molly M. Lens*

## CERTIFICATE OF SERVICE

I certify that on July 1, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit using the CM/ECF system, which will serve a notice of electronic filing on all counsel of record.


Dated: July 1, 2026                            By: */s/ Molly M. Lens*