NO. 26-605

# IN THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

SHAUN GRAY,
*Plaintiff-Appellant,*
v.
PARAMOUNT GLOBAL, ET AL.,
*Defendant-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK,
NO. 1:25-CV-03484-JSR (RAKOFF, J.)

**REPLY IN SUPPORT OF MOTION OF PLAINTIFF-APPELLANT FOR LEAVE TO FILE APPELLANT'S APPENDIX ELECTRONICALLY AND TO DEFER AND LIMIT THE PAPER COPIES OF THE APPELLANT'S APPENDIX**

## INTRODUCTION

Paramount's opposition rests on a single premise: that the electronic appendix filed at Dkt. Nos. 28–63 violates Rule 30(a) because Appellant candidly acknowledged that "the large majority" of its 10,537 pages would "likely not be cited by any brief in this appeal." Opp. at 1 (quoting Mot. at 2). That premise fails. Rule 30 commits the contents of the appendix in the first instance to the parties' judgment, and an appendix assembled for completeness – after Paramount declined

Appellant's invitation to designate its contents jointly – is not an appendix assembled in violation of the Rules. *See infra* Part I.

In any event, the opposition narrows this dispute nearly to nothing. Paramount commits that it "will stipulate to a deferred appendix under Local Rule 30.1(c)." Opp. at 3. Appellant accepts that proposal, and further agrees that once the deferred appendix is prepared, he will conform the record citations in his briefs to it, eliminating Paramount's objection that the Motion sought to excuse that step. Paramount does not oppose the remaining relief the Motion seeks: deferring the paper copies of the Appendix and limiting them to six copies of the deferred appendix of the pages cited in the briefs. Opp. at 2 n.2. What remains for the Court to decide is narrow, and none of it is genuinely contested.

## ARGUMENT

### I. THE ELECTRONIC APPENDIX FILED AT DKT. NOS. 28–63 DOES NOT VIOLATE RULE 30(a).

Paramount's objection reduces to a syllogism: Appellant acknowledged that most of the Appendix's pages will likely go uncited, Mot. at 2; therefore, Paramount reasons, the Appendix violates Rule 30(a)(1) and (a)(2). Opp. at 1. The conclusion does not follow. An appendix broader than strictly necessary is not the same thing as an appendix the Rules forbid.

Start with Rule 30(a)(1). After enumerating the materials every appendix must contain – the relevant docket entries, the relevant portions of the pleadings, and the

2

judgment or order in question – the Rule adds a fourth category: "other parts of the record to which the parties wish to direct the court's attention." Fed. R. App. P. 30(a)(1)(D). That category is defined by the parties' judgment, not by a page limit or a forecast of citation frequency. Nothing in the Rule's text condemns an appendix because counsel, exercising caution, directed the Court's attention to more of the record rather than less. Here, Plaintiff erred on the side of caution and over-inclusiveness due to Paramount's proclivity below for arguing waiver by omission or that any omission was misleading, and Paramount's inexplicable refusal to participate in fashioning a joint appendix contrary to Rule 30(b)(1).

Rule 30(a)(2) is no different. Its first sentence is hortatory: memoranda of law "should not be included" in the appendix "unless they have independent relevance." And its second sentence confirms that "[p]arts of the record may be relied on by the court or the parties even though not included in the appendix." Fed. R. App. P. 30(a)(2). The Rules thus treat the appendix as a convenience for the Court, not a filter on the record; a mismatch between the appendix and the briefs' citations in either direction deprives no one of anything. Over-inclusion, unlike omission, leaves the Court with everything it needs.

Paramount omits why the Appendix is as comprehensive as it is. Rule 30(b)(1) provides that "[t]he parties are encouraged to agree on the contents of the appendix" and permits an appellee to designate additional parts of the record for inclusion. Fed.

R. App. P. 30(b)(1). Appellant asked Paramount to participate in jointly designating the contents of the appendix; Paramount refused. Mot. at 3 (citing Toberoff Decl.). Having refused to help identify what could safely be excluded, Paramount is poorly placed to fault Appellant for erring toward completeness rather than gambling on omissions that the Court, or Paramount itself, might later have found wanting.

Paramount's repeated lone example of supposedly extraneous material, the summary-judgment papers concerning Paramount's own counterclaims, Opp. at 4 n.3, illustrates the point. Whether those materials bear on the issues on appeal is precisely the kind of designation disagreement that Rule 30(b) expects the parties to work out between themselves, and that Paramount's refusal to engage or participate in a joint appendix left unresolved. It is not a Rule 30(a) violation, and it is no basis to deny leave for the electronic filing.

## II. APPELLANT ACCEPTS PARAMOUNT'S STIPULATION TO A DEFERRED APPENDIX UNDER LOCAL RULE 30.1(c), WHICH RESOLVES PARAMOUNT'S CONTENT OBJECTIONS GOING FORWARD.

Independently of Part I, the parties now agree on the path forward. Local Rule 30.1(c) provides that "[i]f the parties stipulate, or if the court on motion directs, the parties may file a deferred appendix as provided in FRAP 30(c)," and Paramount commits that it "will stipulate to a deferred appendix under Local Rule 30.1(c)." Opp. at 3 (citing Lens Decl. Ex. A at 1). Appellant accepts.

That agreement gives Paramount exactly the appendix it says the Rules require: one prepared after briefing is complete and confined to the pages the briefs actually cite. *See* Fed. R. App. P. 30(c)(1). The deferred appendix will supersede the electronic filing at Dkt. Nos. 28–63 as the operative appendix of record, so the Court need not resolve the Rule 30(a) dispute addressed in Part I in order to grant the Motion. In the interim, the complete record remains available to the Court and the parties in searchable electronic form an arrangement Rule 30(a)(2) expressly contemplates, since "[p]arts of the record may be relied on by the court or the parties even though not included in the appendix."

### III. APPELLANT WILL CONFORM THE CITATIONS IN HIS BRIEFS TO THE DEFERRED APPENDIX.

Paramount accuses Appellant of seeking to "shirk his responsibility under FRAP 30(c) to update the citations in his brief after a deferred appendix has been submitted." Opp. at 4. As a textual matter, that accusation overstates the Rule. Rule 30(c)(2)(A) places the burden of correlation on the appendix, not the briefs: "the record pages cited in the briefs must be indicated by inserting record page numbers, in brackets, at places in the appendix where those pages of the record appear." Fed. R. App. P. 30(c)(2)(A). Revised briefs are required only under the optional procedure of Rule 30(c)(2)(B), and then only when a party elects to "refer directly to pages of the appendix." Fed. R. App. P. 30(c)(2)(B).

The Court need not parse that question, however, because Appellant will do both. Once the deferred appendix is prepared, Appellant will insert the bracketed record-page correlations that Rule 30(c)(2)(A) requires, and will also update the citations in his opening and reply briefs to conform to the deferred appendix's pagination. Whatever concern animated Paramount's objection, it is now moot.

## IV. THE UNOPPOSED REQUEST TO DEFER AND LIMIT THE PAPER COPIES SHOULD BE GRANTED.

The remaining relief – excusing the six bound paper copies that Local Rule 30.1(b) would otherwise require – cannot be had by stipulation; only the Court, exercising its good-cause authority under Rule 2(a) to "suspend any provision of these rules in a particular case," can grant it. That is why this Motion was necessary regardless of any agreement between the parties. And that relief is unopposed: Paramount "take[s] no position with respect to the portion of Gray's motion that seeks leave to file limited paper copies of the appendix, comprised solely of pages cited in a brief," Opp. at 2 n.2, and separately confirms that it "would not oppose" Appellant seeking "relief from the Court's bound copy requirements," Opp. at 4.

Good cause is plain. A deferred appendix prepared under Rule 30(c) is already confined to the cited pages; requiring six bound paper sets duplicating material the Court holds electronically would impose expense and delay while adding nothing the Court needs. Appellant respectfully submits that paper copies should not be required as a matter of course. If the Court or any member of the panel requests

6

paper copies for chambers, Appellant will provide them promptly, in whatever format the Court directs.

## V.     A NARROW ORDER RESOLVES WHAT REMAINS.

Appellant maintains that the electronic Appendix at Dkt. Nos. 28–63 complies with Rule 30(a) and that leave to file it should be granted on that ground. But the Court need not reach the question: the parties' agreement to proceed by a deferred appendix, Appellant's commitment to conform his brief citations to it, and Paramount's non-opposition on paper copies together dispose of the entire Motion. Appellant accordingly requests that the Court either (a) grant leave for the electronic filing and so-order the parties' agreed procedure; or (b) deem the Motion resolved by that agreement and, in either case, excuse paper copies absent a request from the Court or a panel member. Appellant will promptly confer with Paramount to finalize the timing and mechanics of the deferred appendix.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that the Court grant the Motion and enter an order that: (1) grants leave for the Appendix filed electronically at Dkt. Nos. 28–63 or, in the alternative, confirms the parties' agreement to proceed by a deferred appendix under Local Rule 30.1(c) without reaching that question; (2) confirms Appellant's commitment to conform the citations in his briefs to the deferred appendix once it is prepared, consistent with

7

Rule 30(c)(2); and (3) provides that Appellant need not file six or any paper copies of the current Appendix, unless and until the Court requests them, and acknowledges Appellant will file six paper copies of the deferred appendix once it is prepared.

Dated: July 6, 2026                              Respectfully submitted,

                                                 */s/ Marc Toberoff*
                                                 Marc Toberoff
                                                 TOBEROFF & ASSOCIATES, P.C.
                                                 23823 Malibu Road, Suite 50-363
                                                 Malibu, California 90265
                                                 Tel: (310) 736-5666

                                                 *Counsel for Appellant Shaun Gray*

## CERTIFICATE OF COMPLIANCE

1.   This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 1,573 words, as counted by the word-processing system used to prepare it.

2.   This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.


Dated: July 6, 2026

/s/    *Marc Toberoff*
Marc Toberoff

9

**CERTIFICATE OF SERVICE**

I certify that on July 6, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit using the CM/ECF system, which will serve a notice of electronic filing on all counsel of record.

Dated: July 6, 2026

/s/     *Marc Toberoff*
Marc Toberoff